**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DeANDRE   KENQUIZE MADDOX, Fed. Reg. No. 60549-019, | : : : | MOTION TO VACATE 28 U.S.C. § 2255 |
| Movant, | : : | CRIMINAL ACTION NO. 1:08-CR-444-RWS-CCH |
| v. | : : | CIVIL ACTION NO. |
| UNITED STATES OF AMERICA, Respondent. | : : | 1:11-CV-3114-RWS-CCH |

**ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72 or Criminal Local Rule 58. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any

AO 72A
(Rev.8/82)

evidentiary hearing for review by the District Court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED** this 12th day of October, 2011.

```
                                    _____
                                    C. CHRISTOPHER HAGY
                                    UNITED STATES MAGISTRATE JUDGE
```

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| DeANDRE KENQUIZE MADDOX, Fed. Reg. No. 60549-019, | : : : | MOTION TO VACATE 28 U.S.C. § 2255 |
| Movant, | :\| | CRIMINAL ACTION NO. |
| | : | 1:08-CR-444-RWS-CCH |
| v. | : | |
| | : | CIVIL ACTION NO. |
| UNITED STATES OF AMERICA, | : | 1:11-CV-3114-RWS-CCH |
| Respondent. | : | |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Movant DeAndre Kenquize Maddox has filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. Movant seeks to challenge the constitutionality of his sentences, which were imposed on June 30, 2009, following a guilty plea entered in the Northern District of Georgia.

I.   Procedural History

On November 5, 2008, a grand jury in the Northern District of Georgia returned a twelve count indictment against Movant, charging him with six counts of mail fraud in violation of 18 U.S.C. § 1341, four counts of wire fraud in violation of 18 U.S.C. § 1343, and two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), based on the allegations in the indictment that Movant defrauded Dell Computers by ordering goods from the company under

AO 72A
(Rev.8/82)

other people's names and by using false identifications. (Doc. 1). On February 11, 2009, Movant entered into a guilty plea to all counts. (Doc. 14). On June 30, 2009, Movant was sentenced to a term of twenty-seven months on each of Counts One through Ten, to be served concurrently, and twenty-four months on each of Counts Eleven and Twelve, to be served concurrently to each other and consecutively to the sentenced imposed in Counts One through Ten. (Doc. 27).[1] Movant did not appeal his sentences.

On June 10, 2010, Movant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Doc. 30). In that motion, Movant claimed that he received ineffective assistance of counsel because counsel erroneously advised him that: (1) the two counts of aggravated identity theft would be dismissed; (2) his sentence for the two counts of identity theft would run concurrently to the sentence for the ten counts of fraud; and (3) he would not have to pay restitution. (*Id.*). Movant argued that based on these representations, he understood that he would be sentenced to a total of only twenty-seven months imprisonment and that he would

---

[1] Movant also was sentenced to a three year supervised release period following his imprisonment, restitution in the amount of $168,686.31, and a $1200.00 special assessment. (Doc. 27). The Court also recommended that he participate in the Federal Bureau of Prisons' Intensive Drug Treatment Program. (*Id.*).

2

not pay restitution. (*Id.*). This Court denied the motion to vacate on November 17, 2010. (Doc. 40). Movant did not appeal that denial.

Movant filed the instant § 2255 motion on September 12, 2011. (Doc. 42). In the motion, Movant raises a claim that his conviction should be vacated because the Government failed to establish that he had any knowledge that the means of identification belonged to other persons, as required by the United States Supreme Court in *Flores-Figueroa v. United States*, __ U.S. ___, 129 S. Ct. 1886 (2009), and Movant is therefore actually innocent of aggravated identity theft. Movant also argues that counsel was ineffective for failing to raise this issue on appeal. The instant motion, however, is fatally defective because it constitutes an impermissible successive § 2255 motion.

II.   Discussion

The law places limits on second or successive § 2255 motions to vacate. *See* 28 U.S.C. § 2255(h). Specifically, § 2255(h) requires that, before this Court may accept a successive or second § 2255 motion, it "must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(3); *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) ("[B]efore the district court may accept a successive petition for filing, the

3

court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions."). Importantly, unless and until Movant receives permission from the Eleventh Circuit to file the instant successive § 2255 motion, this Court does not have jurisdiction to review the merits thereof. *See United States v. Florence*, 411 F. App'x 230, 231 (11th Cir. 2011) ("[W]hen a prisoner has previously filed a 28 U.S.C. § 2255 motion to vacate, he must apply for and receive permission from the court of appeals before filing a second or successive § 2255 motion. . . . Absent such authorization, the district court lacks subject-matter jurisdiction to consider any claims in the motion[.] . . ."); *Burton v. Stewart*, 549 U.S. 147, 152 (2007) ("[B]ecause the 2002 petition is a 'second or successive' petition that [the movant] did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place."); *see also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101 (1998) ("[J]urisdiction is always an antecedent question[.]"); *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (holding that a district court is "obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking."). The record does not demonstrate that Petitioner has, in fact, sought such authorization.

4

There is, however, a small subset of claims that are not categorized as "second or successive" – i.e., where the basis for the second habeas claim arose after the conclusion of the previous petition. *Stewart v. United States*, 646 F.3d 856, 863 (11th Cir. 2011). The Supreme Court, however, decided *Flores-Figueroa*, the basis for Movant's claim, on May 4, 2009. As such, the claim existed over one year before Movant even filed his first federal petition on June 10, 2010. Thus, Movant's claim does not fall within this exception.

Movant appears to argue that his *Flores-Figueroa* claim was not available to him until September 7, 2010, when the first court in this Circuit determined that *Flores-Figueroa* was retroactively available on collateral review. *See de la Rosa v. United States*, No. 09-22646-CIV, 2010 WL 4064807, at *3 (S.D. Fla. Oct. 14, 2010). Movant's argument, however, has been squarely rejected by the Supreme Court. *See Dodd v. United States*, 545 U.S. 353, 358 (2005) (finding that when the Supreme Court has "newly recognized" a right, the one year limitation period begins on the date of the decision rather than the date that the decision became retroactively available to cases on collateral review). Regardless, the *de la Rosa* decision was rendered in October, 2010. As such, even if this Court accepted Movant's argument, the claim still was available to him before November 17,

5

AO 72A
(Rev.8/82)

2010, the time that his first motion to vacate was denied. Accordingly, any such argument does not save him from seeking authorization from the Eleventh Circuit to file a second or successive motion. Consequently, because he has not sought any such permission, this Court lacks jurisdiction to consider the merits of the instant motion to vacate

### III. Conclusion

Based on the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Movant DeAndre Kenquize Maddox's motion to vacate sentence [Doc. 42] be **DISMISSED** as successive.

### IV. Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." In order for the certification requirement to fulfill its function of weeding out frivolous appeals, a court should not automatically

6

issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the existence of mere 'good faith' on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citations omitted).

Movant need not prove, however, that some jurists would grant the § 2255 motion. *See id.* "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *See Lamarca v. Secretary, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El*, 537 U.S. at 325). In other words, Movant need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the foregoing discussion, reasonable jurists would not find "debatable or wrong" the undersigned's determination that this Court has no jurisdiction to consider the instant successive § 2255 motion until Movant receives authorization from the Eleventh Circuit. *See Slack*, 529 U.S. at 484.

7

AO 72A
(Rev.8/82)

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 12th day of October, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

8

AO 72A
(Rev.8/82)